IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ANTHONY PATTERSON O/B/O E.P., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Civil No. 1:18-cv-14692 (RMB) <br><br> **MEMORANDUM OPINION & ORDER** |

APPEARANCES:

BROSS & FRANKEL, P.A.
By: Richard L. Frankel, Esq.
725 Kenilworth Ave., Suite 2
Cherry Hill, New Jersey 08002
    Counsel for Plaintiff

SOCIAL SECURITY ADMINISTRATION
By: David Leach, Esq., Special Assistant U.S. Attorney
Office of the General Counsel, P.O. Box 41777
Philadelphia, Pennsylvania 19101
    Counsel for Defendant

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon an appeal filed by Plaintiff Anthony Patterson ("Plaintiff") on behalf of his minor son, E.P. ("Claimant"), seeking judicial review of the determination denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the Court vacates the decision of the Administrative Law Judge (the "ALJ") and remands for proceedings consistent with this Opinion.

I.  **PROCEDURAL HISTORY**

On April 11, 2011, Plaintiff protectively filed an application for childhood supplemental security income, under Title XVI of the Social Security Act (the "Act"), on behalf of Claimant, alleging disability due to delayed speech. Record of Proceedings ("R.P.") at 120. The claim was initially denied on June 27, 2011, and again upon reconsideration on November 16, 2011. [R.P., p. 142]. Thereafter, Plaintiff requested a hearing, which was held before the Honorable Barbara C. Marquardt, ALJ, on July 3, 2013. [R.P., p. 108-119]. On October 22, 2013, the ALJ issued a decision which found Claimant not disabled under the Act. [R.P., p. 139-148]. Following the ALJ's decision, Plaintiff submitted a request for review to the Appeals Council on January 14, 2014. [R.P., p. 216-17]. The Appeals Council then remanded the matter to resolve the following issues: (1) the

ALJ's decision failed to explain what weight, if any, she gave to the medical source opinion of the State agency pediatric consultant; and (2) the Appeals Council received additional evidence regarding Claimant's communication skills. [R.P., 153]. Accordingly, on remand, the Appeals Council directed the ALJ to offer Claimant an opportunity for a hearing and issue a new decision after "[g]iv[ing] further consideration to the non-examining source opinion" and "[o]btain[ing] additional evidence concerning the claimant's impairments." [R.P., 154].

On remand, the Honorable Kenneth Bossong, ALJ, held hearings on February 11, 2016 and October 6, 2016 during which Claimant and Plaintiff testified. [R.P., 52-90]. The ALJ then issued a new opinion on May 16, 2017 finding Claimant not disabled under the Act. [R.P., 14-33]. The Appeals Council denied Claimant's request for review on August 1, 2018, and Plaintiff timely filed a complaint in this Court against the Commissioner on October 5, 2018.

## II. **STANDARD OF REVIEW**

In social security appeals, the district court must uphold the Commissioner's decision if it is supported by substantial evidence. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence exists when there is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901

(3d Cir. 1995)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). If the ALJ's findings of fact are supported by substantial evidence, then those findings are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Thus, a district court is bound by the findings of the ALJ that are supported by substantial evidence, "even if [it] would have decided the factual inquiry differently." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)(citations omitted). To determine if such substantial evidence exists, the district court must review the record as a whole. See 5 U.S.C. § 706.

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

Under the Social Security Act, a child under 18 years old is eligible for SSI if he or she is "disabled," meaning he or she "has a medically determinable physical or mental impairment,

which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). To determine whether a child is disabled, the regulations establish a three-step sequential process. See T.C. ex rel. Z.C. v. Comm'r of Soc. Sec., 497 F. App'x 158, 160 (3d Cir. 2012)(citing 20 C.F.R. § 416.924(a)).

At step one, the ALJ considers whether the child is engaging in substantial gainful activity. Id. If so, the child is not disabled. If not, the ALJ proceeds to step two, determining whether the child has a medically determinable severe impairment or combination of impairments. Id. If not, the child is not disabled. If so, the ALJ proceeds to step three. Id.

At step three, the ALJ assesses whether the child has an impairment or combination of impairments that meets, medically equals, or functionally equals a listed impairment set forth in 20 C.F.R. § 416.924(d). An impairment or combination of medical impairments "medically equals" a listed impairment "if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a). An impairment or combination of impairments "functionally equals" a listed impairment if the child has "marked" limitations in two domains

of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).

The six domains of functioning are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). A "marked" limitation exists when it "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities," and is considered "'more than moderate' but 'less than extreme.'" 20 C.F.R. § 416.926a(e)(2). An "extreme" limitation exists when it "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities," and is considered "more than marked" but not necessarily equivalent to "a total lack or loss of ability to function." 20 C.F.R. § 416. 926a (e)(3).

The ALJ determines the child's ability to function in each domain based on "all the relevant factors," including the effectiveness of medication on the child, the ability of the child to function in school, and the effects of structured settings on the performance of the child. 20 C.F.R. § 416.926a(a)(1)-(3). If the ALJ finds that the requirements of the third step are met, the child is considered disabled under

the Social Security Act for purposes of SSI. 20 C.F.R. § 416.924(d)(1).

III. **FACTUAL BACKGROUND**

The Court recites only the facts that are necessary to its determination on appeal, which is narrow. Claimant was born on May 17, 2009 and was nineteen-months old as of the alleged onset date, January 1, 2011. Plaintiff alleges that Claimant suffers from a combination of conditions, specifically, delayed speech, a learning disorder, attention deficit hyperactivity disorder ("ADHD"), adjustment disorder, and conduct disturbance. [R.P., 20].

*A. Claimant's Medical History and Dr. Lazarus' Report*

According to Plaintiff, Claimant was first diagnosed with speech and social development delays at age two and with ADHD at age six. Before age two, Claimant qualified for early intervention services and was classified as Preschool Disabled based on developmental impairments in multiple areas, including communication and adaptive skills. [R.P., 533].

The evidentiary record consists mostly of educational records from Claimant's Individualized Education Program ("IEP"). Claimant's medical history in the record consists of visits to state agency medical and psychological consultants in

2011, speech and behavior therapy records from 2012, intake forms for therapy in 2016, and cognitive testing—most recently from Dr. Lewis A. Lazarus in August of 2016.

Dr. Lazarus administered the Wechsler Intelligence Scale for Children Fifth Edition and found Claimant to have a full-scale IQ score of 75 with subsets like verbal comprehension, working memory, and processing speed measured at 62 or 63. [R.P., 545]. Dr. Lazarus noted Claimant's "general level of intellectual functioning . . . was considered to be within the borderline range relative to those his age." [R.P., 545]. In addition, "[t]here was a 24-point statistically significant disparity noted between verbal knowledge and reasoning skills." [R.P., 545]. Further, Claimant had "borderline expressive vocabulary skills but significantly limited abstract and verbal reasoning abilities." And although Claimant showed a relative strength "in terms of constructional praxis," his "[a]uditory-verbal attention span was moderately-to-significantly limited." [R.P., 545]. Dr. Lazarus diagnosed Claimant with a mild intellectual disability and problems with academic achievement and recommended "continued special educational placement with speech and language counseling." Finally, Dr. Lazarus found Claimant's test results "to be consistent with [his] allegations." [R.P., 544].

### B. The ALJ's Decision

At step one of the sequential evaluation process, the ALJ determined that Claimant had not engaged in substantial gainful activity since April 22, 2011, the application date.[1] At step two, the ALJ found the following severe impairments: learning disorder, speech delay, and ADHD. Finally, at step three, the ALJ determined that Claimant did not have an impairment or combination of impairments that meets, medically equals or functionally equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step three, the ALJ first determined that Claimant failed to meet or medically equal the severity of listing 112.05 in 20 C.F.R., Subpart P, Appendix 1. [R.P., 17-19]. The ALJ analyzed both the current version of listing 112.05 in effect since January 17, 2017, and the prior version. He concluded that Claimant failed to satisfy either version. Claimant failed to satisfy the prior version because, outside of Claimant's IQ score, there was "no physical or other mental impairment imposing an additional and significant limitation of function." [R.P., 18]. Additionally, according to the ALJ, Claimant failed

---

[1] Claimant's alleged onset date is actually January 1, 2011. [R.P., at 121].

to satisfy the current version because there was no evidence of any "marked or extreme limitation[] in functioning." [R.P., 19].

The ALJ, in concluding at step three that Claimant's impairments failed to functionally equal a listed impairment, considered Claimant's "degree of limitation in each of the six functional equivalence domains." [R.P., 20]; 20 C.F.R. §§ 416.924(d), 926(a). The ALJ evaluated the "whole child" including all of Claimant's symptoms to the extent they were "consistent with the objective medical evidence and other evidence," including testimonial and opinion evidence, and concluded Claimant had a less than marked limitation in all six domains. [R.P., 20, 26-33].

## IV. DISCUSSION

On appeal, Plaintiff argues that the ALJ failed to adequately weigh both testimonial and opinion evidence in the record that would support a "marked limitation" in four of the six functional domains. Specifically, Plaintiff contends the ALJ failed to weigh and address the clinical findings and opinion of Dr. Lewis Lazarus, and also failed to adequately explain the weight given to Plaintiff's testimony and other information in the record that would support a "marked limitation" in multiple functional domains. The Court agrees that the ALJ failed to

10

adequately explain the weight given to Dr. Lazarus' examination of Claimant and will remand on that basis.

An ALJ must "'explicitly' weigh all relevant, probative and available evidence." Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994). Further, though an ALJ may credit certain evidence over other contradictory evidence, the ALJ must provide an explanation for rejecting probative evidence that would support a different determination. Id. Failure to explain why probative evidence has been discounted or rejected prevents the court from conducting any meaningful judicial review because the "reviewing court cannot tell if significant probative evidence was not credited or simply ignored." Cotter, 642 F.2d at 705

Here, when the ALJ analyzed whether Claimant's impairments met or medically equaled the severity of listing 112.05 in 20 C.F.R. Part 404, Subpart P, Appendix 1, the ALJ found "no evidence of any marked limitations in functioning, as discussed below." In his discussion below, the ALJ appears to have only credited two items from Dr. Lazarus' report: (1) Claimant's IQ measurements, and (2) Claimant's "mild intellectual disability." However, Dr. Lazarus' report contains other probative evidence that could support a marked or extreme limitation in functioning. For example, Dr. Lazarus found Claimant's intellectual functioning "to be within the borderline range relative to those his age." He also found a "statistically

11

significant disparity noted between verbal knowledge and reasoning skills" as well as "borderline expressive vocabulary skills but significantly limited abstract and verbal reasoning abilities." Further, Claimant presented with "moderate speech disarticulation," and although he was able to repeat four digits forward, he failed to perform any correctly in reverse. Significantly too, Claimant's "[a]uditory-verbal attention span was moderately-to-significantly limited." Finally, Dr. Lazarus found the examination results "consistent with the claimant's history" and with "claimant's allegations."

Discounting probative evidence without explanation warrants remand. Dobrowsky, 606 F.2d at 407; see Zamor v. Colvin, No. 15-8884, 2018 WL 5617557 at *5 (D.N.J. Oct. 30, 2018). Though the ALJ recited the above findings from Dr. Lazarus' report, he failed to explain how the findings informed his determination at step three that Claimant failed both to (1) meet or medically equal listing 112.05, or (2) to functionally equal a listing by demonstrating a marked limitation in two of the six domains of functioning or an extreme limitation in one domain.

## V. CONCLUSION

Because the ALJ failed to adequately explain why he rejected relevant, probative evidence in Dr. Lazarus' report that could support a marked or extreme limitation in functioning under both listing 112.05 and in the six domains of functioning,

12

the Court cannot determine whether the Commissioner's decision is supported by substantial evidence. Although there may be evidence in the record to support the ALJ's decision, the Court is unable to determine whether the ALJ considered and rejected Dr. Lazarus' findings, or simply ignored them, without more detailed discussion. As such, the Court **vacates** the decision of the ALJ and **remands** for proceedings consistent with the above analysis.

**ACCORDINGLY**, it is on this **30th** day of **October, 2019**, hereby **ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE THIS CASE**.

                                        ___s/ Renée Marie Bumb___
                                        RENÉE MARIE BUMB, U.S.D.J.